# WASHINGTON A. MITCHELL *et al.*

## *v.*

## GEORGE W. SHORTT *et al.*

*Filed at Springfield March 30, 1885.*

1. FRAUD—*divestiture of title by collusion between vendor and purchaser to defeat an intermediate sale on execution or by voluntary conveyance.* Where the owner of land under a lost unrecorded deed sells the same to another, who sells to A, who takes possession through a tenant, and A's equitable title is divested by a sheriff's sale and deed to B, if C obtains a deed from the original owner after his sale, by the direction of A, to defeat

the sheriff's deed, the deed to C will be fraudulent as against the grantee in the sheriff's deed, and a deed made by C to his wife, through his son, will be equally so, and will be set aside by a court of equity, the wife having the same notice of A's title as her husband.

2. DELIVERY OF DEED—*without authority.* Where an equitable owner of land, in the possession thereof, procures the holder of the legal title to make a deed to C, which is left with the equitable owner's son, with directions to return the same to the grantor and procure a deed to D, and the son delivers the deed to C without the direction or consent of the equitable owner, no title will pass by such deed.

3. JURISDICTION *in chancery—removing cloud upon title.* A court of equity has no jurisdiction of a bill by the holder of the legal title to remove a cloud from the title held by parties claiming adversely, and in the actual possession of the land; but where the apparent legal title is in the party in possession, and it is necessary to set the same aside before the equitable or real owner's title can prevail at law, a court of equity will have jurisdiction to set aside such apparent legal title, and having obtained jurisdiction for that purpose, will retain it, that full justice may be done to all parties concerned.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for the appellants.

Messrs. BROWN & KIRBY, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The real parties in interest in this case are the complainants, George W. Shortt and Virginia Shortt, and the defendants Washington A. Mitchell and Rebecca W. Mitchell. Other parties are made defendants, but they have no actual interest in the subject matter of the litigation. Only Washington A. Mitchell and Rebecca W. Mitchell have joined in the appeal, and assigned error on the record. All other defendants have acquiesced in the decision of the circuit court, and in the brief discussion that is to follow, the defendants not assigning error will only be noticed when it may be necessary to an understanding of the case to state their connection with it.

There is really no controversy as to the fact James L. Beggs was at one time the real owner of the premises involved in this litigation, and that Travis Elmore fenced the same, and held actual possession for him during a long series of years. Both parties concede this principal fact in the case, and the contention is, whether the title that was in Beggs has come to complainants, or whether it is in Rebecca W. Mitchell,— one of defendants. The purchaser of the land in dispute from the government, was William Crow, now deceased. He sold this land to his son, John H. Crow, and made him a deed for it, but it seems that deed was lost without having ever been recorded. Afterwards, John H. Crow sold the land to his brother, Jerome E. Crow. It does not appear. John H. Crow ever made his brother any deed for the land. Jerome E. Crow sold the land to James L. Beggs, who, as before stated, went into the actual possession, although no deed was made to him at that time. In 1873, Albert G. Shortt obtained a judgment against James L. Beggs, and had the execution issued on it, levied upon this land, and at the sheriff's sale he became the purchaser, and the usual certificate was issued to him. Afterwards, Albert G. Shortt died, and all his estate passed to complainants, to whom the sheriff made a deed for the land, it never having been redeemed from the execution sale. This is the title that complainants claim is paramount, and should prevail. On the other hand, Rebecca W. Mitchell claims the land through *mesne* conveyances from John H. Crow, to whom it was conveyed by William Crow, the purchaser from the government, by deed, which has since been lost, and was never recorded.

It appears that John H. Crow and Jerome E. Crow, by quitclaim deed, conveyed the land to Washington A. Mitchell, who afterwards procured Travis Elmore, who was in the actual possession of the premises as the tenant of Beggs, to attorn to him, and either he or his wife, Rebecca W. Mitchell, have since held the possession so obtained. The conveyance of

the land by Washington A. Mitchell, through his son, to his wife, Rebecca W. Mitchell, was made upon the same notice to her that her husband had of the rights of Beggs in the property, whatever those rights were; and if it shall appear he had no title to the land, the title claimed by his wife will fail also. The bill charges the deed from John H. Crow and Jerome E. Crow, to Washington A. Mitchell, was wrongfully obtained, and was therefore fraudulent and void. On the hearing of the cause the court so found, and decreed that the deed to Washington A. Mitchell, and also his deed to his son, and his son's deed to his mother, Rebecca W. Mitchell, be all set aside and held for naught, and that defendants surrender the possession of the premises to complainants.

The evidence contained in this record has been carefully examined, and it is thought it fully sustains the decree rendered. There is evidence showing that John H. Crow and Jerome E. Crow made a deed of this land to Beggs. It was never delivered to Beggs, nor was it ever recorded. It seems this deed was returned by some one to the grantors. Afterwards, Beggs directed John H. Crow and Jerome E. Crow to make a deed of the land to Mitchell, and send it to him, Beggs. Such a deed was made and sent to Beggs, but it was not delivered by him, or any one for him, to Mitchell. It was given by Beggs to his son, with directions to return it to the grantors, with a request to make another deed of the land to Albert G. Shortt. It was so sent. Afterwards, the deed seems to have got into the possession of the grantee, Mitchell. Beggs distinctly states he never consented it should be delivered to him. There is no satisfactory evidence in the record the grantors had any authority from Beggs to make and deliver the deed to Mitchell, under which he and his grantees claimed the land, and it must be regarded as having been made without the consent of Beggs.

The decided weight of the evidence seems to be, that at the time of the levy of the execution in favor of Albert G.

Shortt, in April, 1873, Beggs was in possession of the land, and was then the equitable owner. He took possession in 1854, and held it up to some time in the fall of 1873. After Mitchell had obtained his deed from John H. Crow and Jerome E. Crow, March 25, 1873, he still treated the land as belonging to Beggs, and caused the same to be levied upon as the property of Beggs. That was in July, 1873, after the execution in favor of Shortt had been levied, in the previous April, upon the land. Certainly, if Mitchell had then been in possession of the land claiming to be the owner of it, he would not have had it levied upon as the property of Beggs. The decree is so fully sustained by the testimony, there is no reason to be dissatisfied with it on that ground. But, admitting the merits of the case might be with complainants, it is confidently asserted they have no remedy in a court of chancery. As defendants are shown to be in possession of the premises, the remedy, it is said, would be at law. If the bill was simply one to remove a cloud from complainants' title, and the parties claiming adversely were in possession, the rule insisted upon would control it. As originally framed, it may have been nothing more than a bill *quia timet*, but by an amendment it asks other relief, that could be obtained only in a court of equity. The apparent legal title was in Rebecca W. Mitchell, and it was necessary the title in her should be set aside before complainants' title could prevail at law. It is a familiar doctrine, that where chancery has rightfully obtained jurisdiction of a cause for one purpose, it will retain it, that full justice may be done to all parties concerned.

The decree of the circuit court will be affirmed.

*Decree affirmed.*